UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TRAVELOCITY.COM LP;<br>TRAVELOCITY.COM INC.;<br>SABRE HOLDINGS CORP.; SABRE INC.;<br>AMAZON.COM, INC.; AMAZON<br>SERVICES LLC; AMAZON WEB<br>SERVICES LLC; CDW CORPORATION;<br>ORBTIZ WORLDWIDE, INC.; ORBITZ<br>WORLDWIDE LLC; ORBITZ, INC.;<br>ORBITZ, LLC; TRIP NETWORK, INC.<br>D/B/A CHEAPTICKETS;<br>PRICELINE.COM, INC.;<br>CIRCUITCITY.COM INC.;<br>COMPUSA.COM INC., PROFITCENTER<br>SOFTWARE INC.; AND<br>TIGERDIRECT INC.<br>        *Plaintiffs,*<br><br>    vs.<br><br>JEFFREY DECOUX,<br>        *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **FILED**<br><br>SEP 0 6 2012<br><br>CLERK, U.S. DISTRICT COURT<br>WESTERN DISTRICT OF TEXAS<br>BY _____<br>            DEPUTY CLERK<br><br>A12MC0821 SS<br><br>MISC. CIVIL ACTION<br>NO. _____<br><br>(action for patent infringement pending<br>in the Eastern District of Texas,<br>Civil Action No. 6:10-cv-671) |

**MISCELLANEOUS ACTION:**
**MOTION FOR SUBSTITUTED SERVICE OF SUBPOENA**
**FOR DEPOSITION OF JEFFREY DECOUX AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs Travelocity.com LP, Travelocity.com LLC (f/k/a Travelocity.com Inc.), Sabre

Holdings Corp., Sabre Inc., Amazon.com, Inc., Amazon Services LLC, Amazon Web Services

LLC, CDW Corporation of Illinois, CDW Corporation of Delaware, CDW LLC, Orbitz

Worldwide, Inc., Orbitz Worldwide, LLC, Orbitz, Inc., Orbitz, LLC, Trip Network, Inc. (d/b/a

CheapTickets), Priceline.com, Inc., Systemax, Inc., CircuitCity.com Inc., CompUSA.com Inc.,

ProfitCenter Software Inc., and TigerDirect Inc. (collectively, "Plaintiffs") file this

Miscellaneous Action: Motion for Substituted Service of Subpoena for Deposition of Jeffrey Decoux ("Defendant") under Federal Rule of Civil Procedure 45.[1]

## I.     INTRODUCTION

This miscellaneous action arises out of a pending proceeding in the Eastern District of Texas.[2]  In the proceeding, Global Sessions LP and Global Session Holdings SRL[3] ("Global Sessions") is suing Travelocity.com LP, Travelocity.com LLC (f/k/a Travelocity.com Inc.), Sabre Holdings Corp., Sabre Inc., Amazon.com, Inc., Amazon Services LLC, Amazon Web Services LLC, CDW Corporation of Illinois, CDW Corporation of Delaware, CDW LLC, Orbitz Worldwide, Inc., Orbitz Worldwide, LLC, Orbitz, Inc., Orbitz, LLC, Trip Network, Inc. (d/b/a CheapTickets), Priceline.com, Inc., Systemax, Inc., CircuitCity.com Inc., CompUSA.com Inc., ProfitCenter Software Inc., and TigerDirect Inc. (the "Patent Defendants") for infringement of United States Patent No. 6,076,108, United States Patent No. 6,085,220, United States Patent No. 6,360,249, and United States Patent No. 6,480,894 (the "Asserted Patents").

This present action and motion are necessitated by the intentional evasion of service of a subpoena on Jeffrey Decoux, a named inventor of the Asserted Patents, for a deposition in the Eastern District lawsuit.  Despite diligent efforts by Plaintiffs to serve the subpoena, including more than 13 attempts to serve Mr. Decoux at his Residence and his place of business by a process server and Travis County constable over a period spanning eleven weeks, Plaintiffs have been unable to serve the subpoena on Mr. Decoux.  Significantly, Mr. Decoux is aware of the subpoena and of Plaintiffs' numerous attempts to serve him, but he has refused to accept service

---

[1] Additionally, Plaintiffs reserves their right to seek sanctions and/or an award for attorneys fees and costs in connection with the filing of this action.

[2] *Global Sessions LP and Global Session Holdings, SRL v. Travelocity.com LP, et al.,* Civil Action No. 6:10-cv-671, In the United States District Court, For the Eastern District of Texas, Tyler Division.

[3] Global Sessions, a non-party to this action, does not join in or oppose this motion.

and has intentionally evaded Plaintiffs' process servers.    Accordingly, Plaintiffs respectfully request that this Court order that the subpoena may be served through such alternative means as permissible under Texas law.

## II.    FACTS

### 1.    The Parties

Plaintiffs Travelocity.com LP, Travelocity.com LLC, Sabre Holdings Corp., and Sabre Inc. (collectively "Travelocity") are a Delaware limited partnership, a Delaware limited liability company, a Delaware corporation, and a Delaware corporation, respectively, with their principal place of business at 3150 Sabre Dr., Southlake, TX 76092.

Plaintiffs Amazon.com, Inc., Amazon Services LLC, and Amazon Web Services LLC (collectively "Amazon") are a Delaware corporation, a Nevada limited liability company, and a Delaware limited liability company, respectively.  Amazon.com, Inc., Amazon Services LLC, and Amazon Web Services LLC maintain their principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144-2734.

Plaintiffs CDW Corporation of Illinois, CDW Corporation of Delaware, and CDW LLC (collectively "CDW") are a corporation organized and existing under the laws of the State of Illinois, a corporation organized and existing under the laws of the State of Delaware, and an Illinois limited liability company, respectively, with their principal place of business at 200 North Milwaukee Avenue, Vernon Hills, Illinois 60061.

Plaintiffs Orbitz Worldwide, Inc., Orbitz Worldwide, LLC, Orbitz, Inc., Orbitz, LLC, and Trip Network, Inc. (d/b/a CheapTickets) (collectively "Orbitz") are a Delaware corporation, a Delaware limited liability company, a Delaware corporation, a Delaware limited liability

company and a Delaware corporation, respectively, with their principal place of business at 500 West Madison Street, Suite 1000, Chicago, Illinois 60661.

Priceline.com, Inc. ("Priceline") is a Delaware corporation with its principal place of business at 800 Connecticut Avenue, Norwalk, CT 06854.

Systemax Inc., CircuitCity.com Inc., CompUSA.com Inc., ProfitCenter Software Inc., and TigerDirect Inc. (collectively "Systemax") are a Delaware corporation, a Delaware corporation, a Florida corporation, a New York corporation, and a Florida corporation, respectively.   Systemax, Inc., CircuitCity.com Inc., CompUSA.com Inc., and ProfitCenter Software Inc. maintain their principal places of business at 11 Harbor Park Dr, Port Washington, NY 11050.  TigerDirect Inc. maintains its principal place of business at 7795 West Flagler St., Suite 35, Miami, FL 33144.

The Defendant, Jeffrey Decoux, is a resident of Texas and resides at 43 Waterfront Avenue, Lakeway, Texas 78734 (the "Residence").

## 2.    Background

This miscellaneous action arises out of an action for patent infringement pending in the Eastern District of Texas, Civil Action No. 6:10-cv-671 (the "Patent Lawsuit"), wherein Global Sessions has accused the Patent Defendants of infringement of the Asserted Patents.   The Defendant is one of the eight named inventors of all four of the Asserted Patents.  Defendant has been issued a subpoena in order testify concerning a variety of issues central to the Patent Lawsuit, including facts surrounding the invention and reduction to practice of the inventions claimed in the Asserted Patents.  The Defendant undeniably possesses relevant and discoverable information.

Travelocity first issued a subpoena for testimony to Defendant on June 8, 2012, commanding Defendant to appear for deposition on July 17, 2012.  *See* Ex. A (Subpoena of June 8, 2012).  As the deposition date noticed in the subpoena past, but service attempts on Defendant had failed, Travelocity reissued the subpoena on July 18, 2012, modifying the deposition date to August 23, 2012.  *See* Ex. B (Subpoena of July 18, 2012).  As additional service attempts again failed, Travelocity again reissued the subpoena on August 15, modifying the deposition date to September 21, 2012.  *See* Ex. C (Subpoena of August 15, 2012).  The original and reissued subpoenas with be collectively referred to as the "Subpoena" for the purposes of this motion. True and correct copies of the subpoenas have bee attached to this motion as Exhibits A-C.

### 3.    Failed Attempts Service of the Subpoena on Defendant

Service of the Subpoena on Defendant has been attempted by two private process servers and a Travis County Constable.  A true and correct copy of the declaration of private process server Tom Kroll ("Kroll Decl.") is attached as Exhibit D to this motion.  A true and correct copy of the affidavit of private process server Steve Hall ("Hall Aff.") is attached as Exhibit E to this motion.  A true and correct copy of the Affidavit of Travis County Deputy Constable James Shelton ("Shelton Aff.") is attached as Exhibit F to this motion.

Defendants' Residence lies within a gated community.  Kroll Decl. at ¶ 2.  Entrance to the front door of his house is also barred by a gate.  Kroll Decl. at ¶ 2.  Service was first attempted on June 9, 2012 and the process server was unable to obtain access to the gated community.  Kroll Decl. at ¶ 2.  Then, on June 11, 2012, the process server called Defendant via the front gate of the community.  The process server spoke to Defendant, informed him of the nature of the subpoena.  Kroll Decl. at ¶ 2.  Defendant responded that he "did not want to testify as it cost him a lot of time and money previously" and he "[didn't] want to do it again."  Kroll

Decl. at ¶ 2. Defendant has not previously provided any testimony in the Patent Lawsuit. The process server returned to the property twice more on June 11, and again on June 14, was able to gain access to Defendant's gated Residence, but was unable to obtain access to the front door of the house. Kroll Decl. at ¶ 2. On June 15, 2012, the process server again called Defendant to arrange for a time and place for service, but Defendant advised that "he would not make himself available for service." Kroll Decl. at ¶ 2. Service was again attempted by private process server Hall on five separate occasions over July 13-15, 2012. Hall Aff. at p. 1. Over those attempts, the process server was unable to gain access to the front door of the gated Residence in order to serve Defendant citation. Hall Aff. at p. 1.

Plaintiffs then employed a Travis County Constable to serve the subpoena on Defendant. The Constable attempted service of the subpoena on four occasions. Service was never accomplished. However, the Constable "investigated the premises" and was "satisfied that it [was] the [Defendants] usual place of abode. Shelton Aff. at p. 1. The Constable further confirmed "that it is reasonable to believe that [Defendant] can be found at [his Residence] by talking to the [Defendant's] wife at the address and by observing vehicles at the address registered to the [Defendant]. Shelton Aff. at p. 1. The Constable "was unable to effect personal service because the [Defendant] has been evasive when the attempts were made and will not return phone calls or otherwise make himself available for service. Shelton Aff. at p. 1. The Constable formed the opinion that "personal service is impractical" and that "it is reasonable to believe that the [Defendant] will receive the citation by delivering a true copy of the citation to anyone over sixteen years of age at the [Residence] or, if no one over sixteen years of age is at the location, by affixing it the front gate [of the Residence]." Shelton Aff. at p. 1.

### III.    ARGUMENT

Substituted service is a concept generally contemplated by the Federal Rules of Civil Procedure in appropriate circumstances, such as in the present case.  Federal Rule 4(e) provides, in relevant part, that service of an individual within a judicial district of the United States may be made by either (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state whether the district court is located or where service is made" or (2)(B) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there".  Fed. R. Civ. P. 4(e)(1), (2).

Similarly, substituted service is also recognized in the forum state's procedural rules, here Texas Rule of Civil Procedure 106.  Texas Rule 106 provides, in relevant part, that if a motion with supporting affidavit shows that personal service has been attempted but has not been successful, then the court may authorize substituted service, "by leaving a true copy of the citation, with copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit," or other reasonably effective methods providing notice.   Tex. R. Civ. P. 106(b).

No direct provision for alternative service is provided within the confines of Federal Rule 45.  Rule 45(b) provides only that a subpoena requires "delivering a copy to the named person" by "any person who is at least 18 years old and not a party."  Fed. R. Civ. P. 45(b)(1).  However, when personal service has proved unsuccessful, federal courts have allowed subpoenas to be served by alternative methods of service.  *See, e.g.*, *King v. Crown Plastering Corp.*, 170 F.R.D. 355 (E.D.N.Y. 1997) (holding subpoenas duces tecum that were delivered both by hand and by mail to Residence of husband and wife were sufficient, even though they were not personally

Miscellaneous Action: Motion for Substituted Service of Subpoena
for Deposition of Jeffrey DeCoux and Brief In Support Thereof – Page 7
8410189v.7

served with subpoenas); *Doe v. Hersemann*, 155 F.R.D. 630, 631 (N.D. Ind. 1994) (holding certified mail sufficient).[4]

In *Paul v. G.P.D.A., Inc.*, the Honorable Judge Godbey of the Northern District of Texas, Dallas Division, held that if substituted service was to be granted for a subpoena, the plaintiff must provide "evidence that personal service is 'impracticable or impossible,' or that 'notice will be given in a manner which is calculated to impart knowledge to the person who is to be notified.'" *Paul v. G.P.D.A., Inc.*, Civil Action No. 3:02-CV-0834, 2003 WL 25676996 (N.D. Tex. 2003) (unpublished) (citing *Sgitcovich v. Sgitcovich*, 150 Tex. 389, 241 W.2d 142, 146-47 (Tex. 1951)).

Though the standard cited in *Paul* requires a showing of either impracticability of service **or** that alternate service will impart knowledge, Plaintiffs can make both showings to support its request for relief. In other words, the standard in *Paul* is clearly met. First, Plaintiffs made seventeen unsuccessful attempts upon Mr. Decoux at his home, many times with Mr. Decoux's vehicle parked outside the Residence at the time of the attempt, showing personal service is impracticable or impossible. Kroll Decl. at ¶ 2; Hall Aff. at p. 1; Shelton Aff. at p. 1. Furthermore, because Mr. Decoux lives in a gated community, service on Mr. Decoux is impractical. Shelton Aff. at p. 1. Therefore, despite these diligent efforts, Plaintiffs have been unable to serve the subpoena, requiring this Court's intervention. Second, Plaintiffs requests relief in the form of substituted service by leaving a copy of the subpoena with any individual above the age of 18 at Mr. Decoux's Residence by affixing a copy of the subpoena to the main entrance of Mr. Decoux's Residence, with copy by certified mail. Mr. Decoux's Residence is a location calculated to provide him adequate notice.

---

[4] Indeed, the *Hersemann* Court held that personal service was not actually required by the plain language of Rule 45(b) – only "delivery" of a copy. *Hersemann*, 155 F.R.D. at 631.

In sum, the circumstances presented herein demonstrate that the relief of substituted service is warranted.   Service by the traditional method of personal delivery has become impracticable and impossible despite diligent efforts.   Moreover, the requested substituted service is calculated to provide notice to Mr. Decoux in the manner most similar to personal service.  Shelton Aff. at p. 1.  Therefore, Plaintiffs request that the Court grant it permission to serve Mr. Decoux by (1) leaving a copy of the subpoena with any individual above the age of sixteen (16) at Mr. Decoux's residence at 43 Waterfront Avenue, Lakeway, Texas 78734 or (2) by affixing a copy of the subpoena to the gate at the entrance of Mr. Decoux's residence at 43 Waterfront Avenue, Lakeway, Texas 78734, with a copy by certified mail.

## IV.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that this Court authorize substituted service upon Defendant Mr. Decoux in the manner outlined above, or in such other manner as this Court finds will be reasonably effective to give Mr. Decoux notice of the subpoena at mutually agreeable time and place that a true copy of this Court's Order for Substituted Service and Attendance be attached to and included with the subpoena to be served, and that this Court award to Plaintiffs such other and further relief, legal or equitable, to which it shows itself to be justly entitled.

DATED: September 6, 2012.

Respectfully submitted,

**Jackson Walker L.L.P.**

By: _Matt Dow_
Matt Dow
Texas Bar No. 06066500
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Ph:     512-236-2230
Fax:    512-391-2113

John M. Jackson
Texas Bar No. 24002340
214.953.6109
jjackson@jw.com
Christopher J. Rourk
Texas Bar No. 00795626
214/953-5990
crourk@jw.com
Matthew C. Acosta
214-953-5806
macosta@jw.com
Texas Bar No. 24062577
901 Main Street
Suite 6000
Dallas, TX  75202
**Attorneys for Defendants**
**TRAVELOCITY.COM LP, TRAVELOCITY**
**LLC F/K/A TRAVELOCITY.COM INC.,**
**SABRE HOLDINGS CORP., AND SABRE INC.**


**FENWICK & WEST LLP**
J. David Hadden
CA Bar No. 176148 (Admitted E.D. Tex)
dhadden@fenwick.com
Darren E. Donnelly
CA Bar No. 194335 (Admitted E. D. Tex)
ddonnelly@fenwick.com
Saina Shamilov
CA Bar No. 215636 (Admitted E. D. Tex)
sshamilov@fenwick.com
Silicon Valley Center

8410189v.7

801 California Street
Mountain View, California 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200
**Attorneys for Defendants
AMAZON.COM, INC., AMAZON
SERVICES LLC, and AMAZON WEB
SERVICES LLC**

**MARSHALL, GERSTEIN & BORUN LLP**
Thomas L. Duston
tduston@marshallip.com
Anthony S. Gabrielson
agabrielson@marshallip.com
Benjamin T. Horton
bhorton@marshallip.com
233 South Wacker Drive
6300 Willis Tower
Chicago, Illinois 60606-6357
T: (312) 474-6300
F: (312) 474-0448
**Attorneys for Defendant
CDW LLC**

**GREENBERG TRAURIG, LLP**
Mary-Olga Lovett
Texas Bar No. 00789289
Federal Bar No. 17743
lovettm@gtlaw.com
1000 Louisiana, Suite 1700
Houston, Texas 77002
Phone: (713) 374-3500
Fax: (713) 374-3505

Michael A. Nicodema, Esq.
nicodemam@gtlaw.com
Barry J. Schindler, Esq.
schindlerb@gtlaw.com
David Joyal, Esq.
joyald@gtlaw.com
Douglas R. Weider, Esq.
weiderd@gtlaw.com
200 Park Avenue
Florham Park, NJ 07932

**Attorneys for Defendants**

8410189v.7

**CIRCUITCITY.COM, INC.,
COMPUSA.COM, INC.,
PROFITCENTER SOFTWARE INC.,
TIGERDIRECT INC., AND SYSTEMAX,
INC.**

**Fish & Richardson, P.C.**
Thomas M. Melsheimer
Texas Bar No. 13922550
txm@fr.com
Neil J. McNabnay
Texas Bar No. 24002583
njm@fr.com
David B. Conrad
Texas Bar No. 24049042
dbc@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX  75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

Aamir Kazi
Georgia Bar No. 104235
kazi@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street, N.E. 21st Floor
Atlanta, GA  30309
(404) 724-2811 (Telephone)
(404) 892-5002 (Facsimile)

**Attorneys for Defendants ORBITZ
WORLDWIDE, INC., ORBITZ WORLDWIDE,
LLC, ORBITZ, INC. ORBITZ, LLC and TRIP
NETWORK, INC. (D/B/A CHEAPTICKETS)**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of September, 2012, I have sent the document by U.S.

first class mail and e-mail, to the following:

John M. Jackson
jjackson@jw.com
Christopher J. Rourk
crourk@jw.com
Matthew C. Acosta
214-953-5806
macosta@jw.com
Jackson Walker L.L.P.
Texas Bar No. 24062577
901 Main Street
Suite 6000
Dallas, TX 75202
**Attorneys for Defendants**
**TRAVELOCITY.COM LP,**
**TRAVELOCITY LLC F/K/A**
**TRAVELOCITY.COM INC., SABRE**
**HOLDINGS CORP., AND SABRE**
**INC.**


J. David Hadden
dhadden@fenwick.com
Darren E. Donnelly
ddonnelly@fenwick.com
Saina Shamilov
sshamilov@fenwick.com
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, California 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200
**Attorneys for Defendants**
**AMAZON.COM, INC., AMAZON**
**SERVICES LLC, and AMAZON WEB**
**SERVICES LLC**

Thomas L. Duston
tduston@marshallip.com
Anthony S. Gabrielson
agabrielson@marshallip.com

8410189v.7

Benjamin T. Horton
bhorton@marshallip.com
**MARSHALL, GERSTEIN & BORUN
LLP**
233 South Wacker Drive
6300 Willis Tower
Chicago, Illinois 60606-6357
T: (312) 474-6300
F: (312) 474-0448
**Attorneys for Defendant
CDW LLC**

Mary-Olga Lovett
lovettm@gtlaw.com
1000 Louisiana, Suite 1700
Houston, Texas 77002
Phone: (713) 374-3500
Fax: (713) 374-3505

Michael A. Nicodema, Esq.
nicodemam@gtlaw.com
Barry J. Schindler, Esq.
schindlerb@gtlaw.com
David Joyal, Esq.
joyald@gtlaw.com
Douglas R. Weider, Esq.
weiderd@gtlaw.com
**GREENBERG TRAURIG, LLP**
200 Park Avenue
Florham Park, NJ 07932

**Attorneys for Defendants
CIRCUITCITY.COM, INC.,
COMPUSA.COM, INC.,
PROFITCENTER SOFTWARE INC.,
TIGERDIRECT INC., AND
SYSTEMAX,
INC.**

Thomas M. Melsheimer
txm@fr.com
Neil J. McNabnay
njm@fr.com
David B. Conrad
dbc@fr.com

8410189v.7

**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX  75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

Aamir Kazi
kazi@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street, N.E. 21st Floor
Atlanta, GA  30309
(404) 724-2811 (Telephone)
(404) 892-5002 (Facsimile)

**Attorneys for Defendants ORBITZ
WORLDWIDE, INC., ORBITZ
WORLDWIDE, LLC, ORBITZ, INC.
ORBITZ, LLC and TRIP NETWORK,
INC. (D/B/A CHEAPTICKETS)**

Jeffrey Decoux
43 Waterfront Avenue,
Lakeway, Texas 78734

Matt Dow